**RAÚL LABRADOR**
**ATTORNEY GENERAL OF IDAHO**

**KARIN MAGNELLI, ISB #6929**
Lead Deputy Attorney General, Idaho Department of Correction
**REBECCA STRAUSS, ISB #11285**
Deputy Attorneys General, Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2095
Facsimile: (208) 327-7485
E-mail:  kmagnell@idoc.idaho.gov; rstrauss@idoc.idaho.gov

*Attorneys for Idaho Commission of Pardons and Parole*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **THOMAS EUGENE CREECH**, <br>      Plaintiff, <br><br> v. <br><br> **IDAHO COMMISSION OF PARDONS AND PAROLE; JAN M. BENNETTS,** Ada County Prosecuting Attorney, in her official capacity, <br><br>      Defendants. | Case No. 1:24-cv-00066-AKB <br><br> **MOTION FOR LEAVE TO FILE OVERLENGTH BRIEF** |

Defendant Idaho Commission of Pardons and Parole, by and through undersigned counsel, and pursuant to Dist. Idaho Loc. Civ. R. 7.1(a)(2), hereby submit this Motion for Leave to File Overlength Brief as follows:

Local District Rule 7.1(a)(2) provides:

No memorandum of points and authorities in support of or in opposition to a motion may exceed twenty (20) pages in length, nor may a reply brief exceed ten (10) pages in length, without express leave of the Court which will be granted only under unusual circumstances.  The use of small fonts and/or minimal spacing to comply with the page limitation is not acceptable.

In the context of capital cases, District Rule 9.2(g) allows for principal briefs on the merits to be up to 100 pages.  Dist. Idaho Loc. Civ. R. 9.2(b)(3)(B).  That rule provides:

MOTION FOR LEAVE TO FILE OVERLENGTH BRIEF - 1

> Principal briefs on the merits of the claims set forth in the petition and principal briefs on a pre-answer motion to dismiss may be no longer than 100 pages; reply briefs may be no longer than 50 pages.

*Id*.

Creech has moved for a preliminary injunction seeking to stay his execution scheduled for February 28, 2024. (Dkt. 4). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

After filing his Motion for Preliminary Injunction, Creech filed a Motion for Excess Pages requesting the "Court waive the page limits for all filings by either party in the action while the death warrant is pending." (Dkt. 6, p. 2). The Court granted Creech's motion. (Dkt. 7). Creech's death warrant is still active.

While Creech's Motion for Excess Pages included a request for the relief requested here for all parties, to avoid any confusion, Defendants respectfully request leave to file an overlength response to Creech's Motion for Preliminary Injunction. Defendants request that the Court allow the response be twenty-six pages, including exhibits.

Respectfully submitted this 13th day of February, 2024.

By: /s/ Karin Magnelli
Deputy Attorney General
Counsel for Defendant Commission

## CERTIFICATE OF SERVICE

      I certify that on February 9, 2024, I caused to be served a true and correct copy of the foregoing via CM/ECF Electronic Notification:

Jonah Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org
*Counsel for Plaintiff*

Dayton Reed: dreed@adacounty.id.gov
*Counsel for Defendant Bennetts*

                                                  <u>/s/ Karin Magnelli</u>
                                                  Karin Magnelli
                                                  Deputy Attorney General