Nicole Owens
EXECUTIVE DIRECTOR
Christopher M. Sanchez, Idaho Bar No. 12070
Jonah J. Horwitz, Idaho Bar No. 10494
Assistant Federal Defenders
FEDERAL DEFENDER SERVICES OF IDAHO
702 W. Idaho Street, Suite 900, Boise, ID 83702-8929
Telephone: (208) 331-5530; Facsimile: (208) 331-5559
ECF:   Jonah_Horwitz@fd.org
       Christopher_M_Sanchez@fd.org

*Attorneys for Plaintiff Thomas Eugene Creech*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **THOMAS EUGENE CREECH,** | CASE NO. 1:24-cv-00066-AKB |
| Plaintiff, | |
| v. | **REPLY IN SUPPORT OF MOTION FOR STAY PENDING MANDAMUS PROCEEDINGS [DKT. 42]** |
| **IDAHO COMMISSION OF PARDONS AND PAROLE**; **JAN M. BENNETTS**, Ada County Prosecuting Attorney, in her official capacity, | |
| Defendants. | |

On July 19, 2024, Plaintiff Thomas Eugene Creech filed a motion asking the Court to stay the present proceedings until the Ninth Circuit has ruled on his pending mandamus petition. *See* Dkt. 42. The defendants took their entire twenty-one-day allotments, *see* Dist. Idaho Loc. Civ. R. 7.1(c), and then filed nearly identical three-line responses that assert without elaboration that Mr. Creech has no likelihood of success on the merits. *See* Dkts. 46, 47. Apart from likelihood of success on the merits, the applicable legal test has three other prongs: the prospect

Reply in Support of Motion for Stay Pending Mandamus Action – Page 1

of irreparable harm in the absence of relief, the equities, and the public interest. *See Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*, No. 2:15-cv-133, 2015 WL 3623369, at *1 (E.D. Cal. June 8, 2015). By declining to address the three remaining factors, the defendants have forfeited any argument as to them, and they should be taken as satisfied. *Cf. Cal. Hosp. Ass'n v. Maxwell-Jolly*, 776 F. Supp. 2d 1129, 1157 (E.D. Cal. 2011) (finding irreparable harm where one party "submitted undisputed evidence" on point and the other did "not address the issue").[1]

As to the likelihood of success on the merits, Mr. Creech will only mention here one recent development. Specifically, on August 12, 2024, Mr. Creech filed a motion for judicial notice in the mandamus proceedings. *See* Att. A.[2] The motion advises the Ninth Circuit that undersigned counsel have found a case that appears to fit the description in the Senate questionnaire of the matter from which Judge Brailsford recused herself while on the Idaho Court of Appeals because of Ms. Bennetts' involvement: *Rodgers v. Bennetts*, No. 46200, 2019 WL 6249432 (Idaho Ct.

---

[1] In this pleading, unless otherwise noted, all internal quotation marks and citations are omitted, and all emphasis is added.

[2] To the extent it is necessary, Mr. Creech respectfully asks that judicial notice be taken of the filings submitted in other courts and referenced here. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (holding that judicial notice may be appropriately taken "of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

Reply in Support of Motion for Stay Pending Mandamus Action – Page 2

App. Nov. 22, 2019). *See* Att. A at 5.[3] *Rodgers* was a public-records appeal brought by a pro se state prisoner to challenge the award of attorney fees to Ms. Bennetts' office. *See Rodgers*, 2019 WL 6249432. As detailed in the motion for judicial notice, the *Rodgers* case was decided without Judge Brailsford's participation by the three other members of the court of appeals at the time. *See* Att. A at 5–6. Thus, the *Rodgers* appeal bears all of the characteristics of the case referenced by the Senate questionnaire: it involved a party who had been convicted of a crime in Ada County; the party named Ms. Bennetts in a lawsuit; and an appeal by the party was decided in approximately 2019 by the court of appeals while Judge Brailsford was on the court and without her involvement. *See id.* at 6. Undersigned counsel have been unable to locate any other cases that share all the same features. *See id.*

The motion for judicial notice explains how *Rodgers* casts further doubt on this Court's denial of Mr. Creech's recusal motion. To begin, the motion was denied in part because, in the prior proceedings, the individual "specifically named [Ms. Bennetts] personally in her individual capacity." Dkt. 40 at 9. However, there is no meaningful distinction between how Ms. Bennetts was named here and how she was named in *Rodgers*. Mr. Rodgers listed Ms. Bennetts as a respondent because it was her office that denied his public records request. *See generally* Att. A, Ex. 2.[4] Likewise, Mr. Creech listed Ms. Bennetts as a defendant primarily because it was

---

[3] Citations in the format above are to the motion for judicial notice itself.

[4] Citations in the format above are to Mr. Rodgers' public records petition, which was attached as Exhibit 2 to Mr. Creech's motion for judicial notice.

Reply in Support of Motion for Stay Pending Mandamus Action – Page 3

her office that, according to his complaint, presented false evidence at his clemency proceedings. *See generally* Dkt. 30. While Mr. Creech included the phrase "official capacity," *id.* at 1, and Mr. Rodgers (a pro se litigant) did not, *see* Att. A, Ex. 2 at 1,[5] it is unclear why that should matter when the two cases named Ms. Bennetts for substantively identical reasons. Notably, Mr. Rodgers did *not* suggest that he was naming Ms. Bennetts in her personal capacity—he simply called her a respondent and left it at that. *See id.*

Second, the denial of Mr. Creech's recusal motion rested on a premature factual finding by this Court, in the absence of discovery, that the record does "not reflect Ms. Bennetts' involvement in any unethical decisions." Dkt. 40 at 10. But in *Rodgers*, Ms. Bennetts had far *less* involvement in the alleged violation than here. Ms. Bennetts' name surfaces in *Rodgers* only as a form line on letterhead and over the signatures of other people. *See, e.g.*, Att. A, Ex. 2 at 23. There is no indication that she was ever personally involved in the public records dispute in any way whatsoever. *See* Att. A, Ex. 1 at 2. She did not personally respond to the public record request; she did not conduct any of the relevant searches for documents; she did not engage in the destruction of material that occurred; and she did not appear at any hearings. *See id.* More broadly, Mr. Rodgers' formulation of his own claims did not put any actions by Ms. Bennetts at issue. *See id.*

---

[5] Citations to Attachment A, Exhibit 2 refer to the pagination added by Mr. Creech in the footers.

Reply in Support of Motion for Stay Pending Mandamus Action – Page 4

By contrast, Ms. Bennetts actually was associated with the facts at issue here. As recited at greater length in the mandamus petition, Ms. Bennetts attended the commutation hearing at which the allegedly false evidence was presented, where she was publicly acknowledged; her office issued a press release reiterating one of the two putative misrepresentations at the heart of the case, in which she was herself quoted; and she traveled to the prison to watch Mr. Creech be put to death after her office successfully defeated a stay of execution. *See* Dkt. 42-2 at 23–28. Unlike in *Rodgers*, where the sole issue presented on appeal concerned attorney fees, *see Rodgers*, 2019 WL 6249432, the next significant ruling this Court is called upon to make will determine whether Mr. Creech can seek discovery into matters quite likely to personally involve Ms. Bennetts, such as whether she approved a false press release and what communications she had with the San Bernardino District Attorney. *See* Dkt. 42-2 at 27–28. At a minimum, it certainly cannot be said that the *Rodgers* case included *more* of a personal role for Ms. Bennetts than the present litigation.

In the current posture of the mandamus proceedings, *Rodgers*—the only candidate for the recusal case identified by anyone involved in the matter—suggests that Judge Brailsford recognized in 2019 that Ms. Bennetts' role as a respondent created an appearance of partiality requiring disqualification even though she had no personal involvement in the cause of action. *See* Dkt. 36-2 at 22. If the friendship was problematic enough that Judge Brailsford could not sit on a three-member panel to decide whether $4,335 in attorney fees would be upheld in a pro se

Reply in Support of Motion for Stay Pending Mandamus Action – Page 5

public records matter, it is surely problematic for her to decide by herself for the district court whether a litigant will be put to death in a capital case where Ms. Bennetts has expressed a desire to have him executed after her office reputedly presented false evidence to deny him clemency.  In sum, the *Rodgers* pleadings confirm that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991).  Mr. Creech's likelihood of success in prevailing on the merits of his mandamus petition has consequently become even higher in light of the motion for judicial notice.

In the alternative, the Ninth Circuit has held that with respect to preliminary injunctions a movant need not necessarily show a likelihood of success on the merits—a legal principle neither of the defendants address.  Instead, "a preliminary injunction may issue where the plaintiff shows only that serious questions going to the merits were raised and the balance of hardships tip sharply in the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  The same formulation of the factor also applies in the stay-pending-appeal context.  *See FTC v. Qualcomm Inc.*, 935 F.3d 752, 756 (9th Cir. 2019) (per curiam).  Here, there are at a minimum "serious questions going to the merits" when a judge recognizes an appearance of partiality in a trivial public-record case because a friend is nominally the respondent but then declines to recuse herself when the same friend is sued after her office is accused of presenting false evidence with her approval in an effort to have a man executed.  Because Mr.

Reply in Support of Motion for Stay Pending Mandamus Action – Page 6

Creech's showing on this prong is more unassailable now, and because the defendants have not even claimed that the balance of hardships tip in their favor, a stay pending the mandamus action is appropriate.

DATED this 13th day of August 2024.

       /s/ Jonah J. Horwitz
       Jonah J. Horwitz
       Christopher M. Sanchez

       Federal Defender Services of Idaho

       *Attorneys for Plaintiff Thomas Eugene Creech*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which is designed to send a Notice of Electronic Filing to persons including the following:

Karin Magnelli
kmagnell@idoc.idaho.gov
Counsel for Defendant Parole Commission

Rebecca Strauss
rstrauss@idoc.idaho.gov
Counsel for Defendant Parole Commission

Dayton P. Reed
Heather McCarthy
Sherry A. Morgan
civilpafiles@adacounty.id.gov
Counsel for Defendant Bennetts

       /s/ L. Hollis Ruggieri
       L. Hollis Ruggieri