Nicole Owens
EXECUTIVE DIRECTOR
Jonah J. Horwitz, Idaho Bar No. 10494
Christopher M. Sanchez, Idaho Bar No. 12070
Assistant Federal Defenders
FEDERAL DEFENDER SERVICES OF IDAHO
702 W. Idaho Street, Suite 900, Boise, ID 83702-8929
Telephone: (208) 331-5530; Facsimile: (208) 331-5559
ECF:  Jonah_Horwitz@fd.org
      Christopher_M_Sanchez@fd.org

*Attorneys for Plaintiff Thomas Eugene Creech*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **THOMAS EUGENE CREECH,** | CASE NO. 1:24-cv-00066 |
| Plaintiff, | |
| v. | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ADMINISTRATIVE STAY OF EXECUTION** |
| **IDAHO COMMISSION OF PARDONS AND PAROLE**; **JAN M. BENNETTS**, Ada County Prosecuting Attorney, in her official capacity, | |
| Defendants. | **EXECUTION SCHEDULED FOR NOVEMBER 13, 2024** |

For the reasons that follow, Plaintiff Thomas Eugene Creech respectfully moves for an administrative stay of execution for six months, or whatever other amount of time the Court deems appropriate, so that the serious issues raised by his request for a preliminary injunction, *see* Dkt. 53, can be fully and fairly litigated before they are mooted by his death.

An administrative stay "is only intended to preserve the status quo" and provide breathing room to the district court to consider the issues in the case. *Al Otro Lado v. Wolf*, 945 F.3d 1223, 1224 (9th Cir. 2019) (per curiam); *accord Nat'l Urban League v. Ross*, 977 F.3d 698,

MEMORANDUM IN SUPPORT OF MOTION FOR ADMINISTRATIVE STAY – Page 1

702 (9th Cir. 2020) (discussing how administrative stays are based on "the need to preserve the status quo"). Administrative stays are available in cases with scheduled executions, such as the present one. *See Zink v. Lombardi*, 783 F.3d 1089, 1111 (8th Cir. 2015) (en banc) (per curiam) ("[T]he courts have authority to enter temporary administrative stays of execution when necessary and appropriate to allow consideration of constitutional claims."). Indeed, administrative stays are particularly apt in capital cases, because courts "cannot reverse the consequences of an execution if it takes place before" meaningful judicial review occurs. *Brady v. NFL*, 638 F.3d 1004, 1005 (8th Cir. 2011) (Bye J., dissenting).

An administrative stay is appropriate here to give the parties and the Court the time they need to reliably resolve the motion for a preliminary injunction. *See* Dkt. 53. The preliminary-injunction motion presents a serious constitutional challenge to Mr. Creech's clemency hearing. *See generally* Dkt. 53-1. It turns in large measure on complex factual issues spanning decades, including an unsolved murder from the 1970s. *See generally id.* Such issues simply cannot be adequately litigated and resolved before Mr. Creech's execution, which is scheduled to take place in roughly three weeks, and which will forever moot his claims.

At the outset, it should be noted that discovery has not yet begun in this case and Mr. Creech will be pursuing it separately on an expedited basis. As elaborated on in more detail in Mr. Creech's preliminary-injunction papers, this case has effectively been at a standstill for the past five months during the pendency of the recusal litigation. *See* Dkt. 36. In the absence of that delay, the defendants' motions to dismiss, see Dkts. 31, 32, would almost certainly have been denied, *see* Dkt. 53-1 at 9–10, and discovery as a matter of course would have been triggered, *see Orion Pwr. Midwest, L.P. v. Am. Coal Sales Co.*, No. 2:05-cv-555, 2007 WL 4462733, at *2

(W.D. Pa. Dec. 19, 2007) (observing that "discovery is undertaken in virtually every case in which a motion to dismiss is denied and it is a matter of right").

It is important to note that Mr. Creech's inability to engage in any discovery up to this point is not due to a lack of diligence on his part. Quite to the contrary, it was Mr. Creech's diligent prosecution of this case that led his counsel to independently uncover the "longstanding friendship" between Defendant Jan Bennetts and the district judge previously assigned to his case, ultimately leading to her recusal. Dkt. 49 at 14. While the disqualification issue was pending before the Ninth Circuit, Mr. Creech asked the district judge to stay the proceedings until the matter was resolved, explaining that any motions she ruled on in the interim would likely be vacated should the Ninth Circuit order her recusal. *See* Dkt. 42-1 at 12. Although the district judge did not rule on the stay motion, she refrained from taking any substantive action on the case while the mandamus proceedings were at the Ninth Circuit, including ruling on the outstanding motions to dismiss. Mr. Creech's petition for a writ of mandamus on the recusal issue ultimately proved meritorious. On October 16, 2024—the same day the death warrant was signed—a Ninth Circuit panel unanimously granted Mr. Creech's mandamus petition and ordered the case reassigned. *See* Dkt. 49 at 25. Rather than rest on his laurels, Mr. Creech has consistently advanced this litigation as quickly as he possibly could while safeguarding his rights. It would be inequitable to fault him for his attempt to protect his right to an impartial adjudication of his claims, particularly where that right has been vindicated by the Ninth Circuit.

Mr. Creech should be given the opportunity to use information obtained during discovery in support of his preliminary-injunction request. Moreover, this Court would greatly benefit from discovery in analyzing the request for a preliminary injunction. As detailed in the preliminary-injunction papers, Mr. Creech has unearthed substantial new evidence in the months since the

fateful clemency hearing. *See* Dkt. 53-1 at 11–15. As just one example, undersigned counsel has uncovered an index card showing that the law enforcement officers investigating Daniel Walker's murder believed Mr. Creech's "confession" was bogus, *see id.* at 12—a "confession" that played a significant role in the denial of his prior preliminary-injunction motion, *see* Dkt. 18 at 4. If Mr. Creech's independent investigation was this fruitful, it stands to reason that formal discovery in this case would bolster Mr. Creech's claims and ultimately bear on whether or not this Court grants a preliminary injunction.

Yet, even if he were able to initiate discovery today, Mr. Creech cannot meaningfully use the discovery to which he is entitled without an administrative stay. This case is too fact-driven and complex to be resolved within three weeks. Accordingly, Mr. Creech requests an administrative stay of six months or another period the Court deems appropriate for the preliminary injunction motion to be sufficiently investigated, argued, and resolved.

The amount of litigation necessary for Mr. Creech's preliminary injunction motion to be fully and fairly adjudicated cannot take place within less than six months, let alone three weeks. That activity will likely include:

- Time for the Court to get up to speed after this case was reassigned;
- A response to the motion for a preliminary injunction by the State and a reply in support by Mr. Creech;
- Time for Mr. Creech to engage in the expedited discovery that he is requesting, as well as for any related discovery disputes to be resolved.
- An evidentiary hearing on the motion for a preliminary injunction, if it is not granted on the papers alone, at which both sides can present live testimony, with all of the associated pre-hearing depositions, expert consultations, discovery litigation, and so on;

MEMORANDUM IN SUPPORT OF MOTION FOR ADMINISTRATIVE STAY – Page 4

- Time for the Court to consider the serious issues raised by the preliminary injunction motion after the hearing and to write a thorough, deliberative order;
- Appellate proceedings initiated by the losing side in the Ninth Circuit and the U.S. Supreme Court after the motion is disposed of here, if desired.

If an evidentiary hearing on the preliminary-injunction motion does prove necessary here, it will be essential to hear from a number of witnesses. *See United States v. Thoms*, 684 F.3d 893, 903 (9th Cir. 2012) ("[L]ive testimony is the bedrock of the search for truth in our judicial system."). The roles of those witnesses are detailed in Mr. Creech's other filings, including the forthcoming memorandum in support of his renewed motion for expedited discovery. They would include, at a minimum, Jill Longhurst, the prosecutor who presented the allegedly false evidence; Tom Taylor, the source of the supposedly new information proving Mr. Creech's guilt in the Walker murder; Wade Spain, the conduit by which information was sent from Ada County to San Bernardino County; the custodian of the murder-weapon sock; and the individual who prepared the minutes for the Parole Commission hearing. Such an evidentiary hearing would be important and involved. It would take time to arrange and prepare for, especially as the Walker witnesses would need to be questioned about matters dating back to 1974, for which full records have even now not been provided to undersigned counsel. An administrative stay would provide everyone much-needed leeway so that a full and fair in-person evidentiary hearing can be scheduled and all of the key witnesses can testify in the most effective fashion possible.

In short, three weeks is a woefully inadequate amount of time for all of the intensive litigation associated with the preliminary injunction. *See, e.g.*, *Harris v. Johnson*, 376 F.3d 414, 417 (5th Cir. 2004) (describing four months in a method-of-execution case as "an insufficient period in which to serve a complaint, conduct discovery, depose experts, and litigate the issue on

MEMORANDUM IN SUPPORT OF MOTION FOR ADMINISTRATIVE STAY – Page 5

the merits"). Nor should such a compressed timetable be adopted solely because Mr. Creech took the time to vindicate his right to an impartial adjudicator. That is especially true in a capital case, where the life-and-death stakes demand more than judicial scrutiny tainted by the appearance of bias. *See California v. Ramos*, 463 U.S. 992, 998–99 (1983) (reiterating how capital cases warrant a "greater degree of scrutiny" as a result of their gravity).

In light of the above, Mr. Creech respectfully asks the Court to grant an administrative stay of his execution until his motion for a preliminary injunction, Dkt. 53, is resolved.

DATED this 22nd day of October 2024.

             */s/ Jonah J. Horwitz*
             Jonah J. Horwitz
             Christopher M. Sanchez

             Federal Defender Services of Idaho

             *Attorneys for Plaintiff Thomas Eugene Creech*

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 22nd day of October 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which is designed to send a Notice of Electronic Filing to persons including the following:

Karin Magnell
kmagnell@idoc.idaho.gov
Counsel for Defendant Parole Commission

Rebecca Strauss
rstrauss@idoc.idaho.gov
Counsel for Defendant Parole Commission

Dayton P. Reed
dreed@adacounty.id.gov
Counsel for Defendant Bennetts

                                                  /s/ Heidi Thomas
                                                  Heidi Thomas