**RAÚL LABRADOR**
**ATTORNEY GENERAL OF IDAHO**

**KARIN MAGNELLI, ISB #6929**
Lead Deputy Attorney General, Idaho Department of Correction
**REBECCA STRAUSS, ISB #11285**
Deputy Attorneys General, Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2095
Facsimile: (208) 327-7485
E-mail: kmagnell@idoc.idaho.gov; rstrauss@idoc.idaho.gov

*Attorneys for Idaho Commission of Pardons and Parole*

# IN THE UNITED STATES DISTRIC COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **THOMAS EUGENE CREECH**, <br>  Plaintiff, <br> <br> v. <br> <br> **IDAHO COMMISSION OF PARDONS AND PAROLE; JAN M. BENNETTS**, Ada County Prosecuting Attorney, in her official capacity, <br>  Defendants. | Case No. 1:24-cv-00066-GMS <br> <br> **COMMISSION'S RESPONSE AND OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR ADMINISTRATIVE STAY OF EXECUTION [DKT. 54] AND RENEWED MOTION TO EXPEDITE DISCOVERY [DKT. 55]** |

Creech's request for an administrative stay is an attempt to dodge his burden of proof for seeking a stay of execution. Creech's conviction and death sentence have been upheld in the face of numerous state and federal challenges, and the State has a strong interest in carrying out that sentence—and the State is diligently working to carry it out. The Idaho Commission of Pardons and Parole ("Commission") has denied Creech's commutation request on two occasions and also denied his requests for additional time or reconsideration of information pertaining to the murder of Mr. Walker and the murder weapon used by Creech to kill Dale Jensen in the underlying criminal case. If Creech wants to delay his execution, it is *his* burden to make a strong showing that his claims will succeed on the merits. That question—whether Creech has met his burden—

will be directly addressed in Defendant's opposition to Creech's preliminary injunction motion filed concurrently herewith. The Court should hold Creech to his burden and deny the motion for an administrative stay and motion to expedite discovery.

## LEGAL STANDARD

Creech is not entitled to a stay of execution without first making a strong showing that he is likely to succeed on the merits of his substantive claims. "[A] stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

A stay of execution is considered under the same standard as a preliminary injunction, and a less stringent standard is not appropriate, even where the stay is characterized as "an administrative stay or a temporary restraining order." *See, e.g., Jones v. Gutierrez*, No. 21-CV-1641, 2021 WL 2004851, at *2 n.3 (S.D. Tex. May 19, 2021) (declining Plaintiff's request to consider his request for a stay under a less stringent standard). The Court is to consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other party interested in the proceeding; and (4) where the public interest lies." *Id.* at *2 (citing *Nken v. Holder*, 556 U.S. 418, 425–26 (2009)). Irreparable injury alone is not sufficient to support a court-ordered stay. *Id.*; *see also Allen v. Hickman*, 407 F.Supp.2d 1098, 1107 (N.D. Cal. 2005) ("While this Court is mindful of the fact that Plaintiff is facing the ultimate punishment, that alone does not entitle [] him to a stay."). To obtain a stay, the prisoner "must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits." *Hill*, 547 U.S. at 584.

**DEFENDANT COMMISSION'S RESPONSE AND OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR ADMINISTRATIVE STAY OF EXECUTION [DKT. 54] AND RENEWED MOTION FOR EXPEDITED BRIEFING [DKT. 55]- 2**

Additionally, courts have been hesitant to wade into clemency decisions made at the discretion of an executive authority. "Unlike probation, pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review." *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981). Any such review is limited to ensuring "minimal procedural safeguards" are observed during a clemency proceeding. *Creech v. Idaho Comm'n of Pardons & Parole*, 94 F.4th 851, 855 (9th Cir. 2024), *cert. denied* 144 S. Ct. 1027, 218 L. Ed. 2d 185 (2024).

## ARGUMENT

I. **Creech's Motion for an Administrative Stay Must Be Denied.**

    A. Creech cannot demonstrate a likelihood of success on the merits.

Creech cites two basic reasons the Court should grant a stay: 1) he has reached the point in litigation where discovery is allegedly automatic so he should be permitted to engage in extensive discovery; and 2) to meet his preliminary injunction burden, he requires immediate discovery and an in-person evidentiary hearing. A stay of execution is not warranted because Creech has not made a showing, let alone a "strong showing", that he is likely to succeed on the merits of his claims.

The Court need not be distracted by Creech's attempts to make this case seem more complicated than it really is. The straightforward inquiry this Court must consider is whether Creech's due process rights were violated during his commutation hearing in January 2024. Creech claims the Ada County Prosecutor conveyed false information to the Commission concerning (1) the ownership of the murder weapon used in the underlying case and (2) Creech's involvement in an unsolved murder in California from 1974. The Ninth Circuit previously considered and rejected these same due process claims. *Creech*, 94 F.3d at 858 (assuming a due process violation did not

warrant relief because *any error* was harmless beyond a reasonable doubt).

Creech has failed to present any new factual or legal claim in the more than eight months that have elapsed since the Ninth Circuit's decision. A six-month stay is simply not necessary as Creech has not demonstrated a sufficient factual basis to warrant an opportunity to conduct discovery or present evidence at an evidentiary hearing, let alone relief on the merits of his claims.

The Ninth Circuit looked at the facts presented and considered them in the light most favorable to Creech, and still did not find a due process violation. "Although we will not review the substantive merits of the Commission's commutation proceeding, we will assume that we may review Creech's claim that fabricated evidence was deliberately introduced by ACPA." *Creech v. Idaho Comm'n of Pardons & Parole*, 94 F.4th 851, 857 (9th Cir.), *cert. denied,* 144 S. Ct. 1027, 218 L. Ed. 2d 185 (2024). "Even if we credit Creech's attorney's post-hearing declaration that the prosecutor falsely told the Commission that the sock bearing Creech's name was the murder weapon, there are other reasons why any such due process violation was harmless beyond a reasonable doubt." *Id.* at 858.

There was no indication the decision of the Commission – either those voting in favor of commutation or those voting against commutation – was influenced by either Creech's involvement in Mr. Walker's murder or the ownership of the weapon in the underlying case. "Creech's alleged violations do not call into doubt the stated rationales for the Commissioners' votes." *Creech v. Idaho Comm'n of Pardons & Parole*, 94 F.4th 851, 857 (9th Cir.), *cert. denied,* 144 S. Ct. 1027, 218 L. Ed. 2d 185 (2024). This was supported by the minutes, the written decision, and the Commission's unanimous decision to not re-open the hearing or delay its decision based upon the concerns raised by Creech regarding these two issues. However, without any evidence Creech resorts to implying the Commission was motivated to deny his commutation request

because of this litigation. (Dkt. 30; ¶ 42). The Court need not be distracted by such attacks.

Creech simply cannot establish that additional evidence or argument would result in a different Commission decision. Whether Creech committed the murder is immaterial to the Commission's decision, which was based on his actual crimes including the heinous nature of the ferocious beating murder of Mr. Jensen and the multiple other homicides he does not contest. The origin of the murder weapon is also immaterial in light of Creech's admission he used the murder weapon, escalated the attack, instigated the resumption of the attack, and engaged in affirmative efforts to conceal the attack to prevent staff intervention.

Creech wants the court to believe that any false information presented by Ada County on the two issues poisons the entire proceeding. (Dkt. 53-1, pg. 17). But as he stated in his Amended Complaint, Ada County presented volumes of documents to the Commission (Dkt. 30; ¶ 42), none of which are disputed here. The Commission interviewed Creech prior to the commutation hearing; that content of that interview is not disputed. Creech spoke at the proceeding; those comments are not disputed here, including Creech's reluctance to confirm how many people he killed, and the Commission suggested the "sheer number" of 14 based on his own statements (Dkt. 11-1, p. 18); Creech's murder of Dale Jensen is the reason he is being executed on November 13, 2024. This is not the result of Ada County's alleged false statements (Dkt. 53-1, p. 19) or any conduct by the Commission. Creech's conduct has sent him to death.

This Court should decline Creech's request to permit a fishing expedition to search for unidentified facts in support of unidentified claims at this late juncture. This case is nothing more than a delay tactic. The purported substantial evidence presented by Creech does nothing to further his due process claims or his likelihood of success on the merits. Defendants respectfully submit that Creech's allegations do not meet the standard for granting a stay.

**DEFENDANT COMMISSION'S RESPONSE AND OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR ADMINISTRATIVE STAY OF EXECUTION [DKT. 54] AND RENEWED MOTION FOR EXPEDITED BRIEFING [DKT. 55]- 5**

B. Creech cannot demonstrate irreparable harm.

Creech will not suffer irreparable harm. The relief he seeks in this case is to give him another opportunity before the Commission in his pursuit for clemency. Creech had that opportunity on October 29, 2024. The Commission was not persuaded by any of the reasons Creech provided that warranted a change of his sentence and denied that request. See *Commission's Opposition to Renewed Motion for Preliminary Injunction* filed concurrently herewith, Declaration of Christine Starr, ¶ 8.

C. Creech fails to demonstrate the balance of equities and public interest entitle him to a preliminary injunction.

An injunction in this case does not serve the public interest. The citizens of the State of Idaho and the family of the victim in the case have a legitimate interest in seeing that lawful judgments are enforced. A stay of execution to allow Creech the opportunity to explore claims that undisputedly held no persuasive value before the Commission fails to uphold the public's trust of the executive's clemency process and the judicial system.

## II. Expedited Discovery is not Warranted.

The Commission joins Defendant Bennett's *Opposition to Renewed Motion to Expedite Discovery* (Dkt. 67, pp. 5-8) and incorporates its argument above and in the *Commission's Opposition to Renewed Motion for Preliminary Injunction,* filed concurrently herewith. Creech is unable to meet his burden that a preliminary injunction or administrative stay is warranted in this case. Creech is unlikely to succeed on the merits of his claim and therefore, he cannot establish good cause to expedite discovery. His motion must be denied.

## CONCLUSION

The Court should deny Creech's motion to stay his execution as he has failed to meet the requirements for such a remedy—no matter how temporary it may be or how imminent his execution. Namely, Creech cannot not make the required "strong showing" that he is likely to succeed on the merits of his due process claims—a question that has been addressed in much more detail in briefing on his preliminary injunction request. Creech fails to establish good cause to expedite discovery and his motion must also be denied.

Respectfully submitted October 30, 2024.

OFFICE OF THE ATTORNEY GENERAL

*/s/ Karin Magnelli*
Karin Magnelli
Deputy Attorney General
Attorney for Commission


*/s/ Rebecca Strauss*
Rebecca Strauss
Deputy Attorney General
Attorney for Commission

**DEFENDANT COMMISSION'S RESPONSE AND OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR ADMINISTRATIVE STAY OF EXECUTION [DKT. 54] AND RENEWED MOTION FOR EXPEDITED BRIEFING [DKT. 55]- 7**

## CERTIFICATE OF SERVICE

      I certify that on October 30, 2024, I caused to be served a true and correct copy of the foregoing via CM/ECF Electronic Notification:

Jonah Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org
*Counsel for Plaintiff*

Dayton Reed: dreed@adacounty.id.gov
*Counsel for Defendant Bennetts*

Maya P. Waldron: maya@waldronlegal.com
Craig H. Durham: chd@fergusondurham.com
*Counsel for Amicus Curiae Doug Walker*

      /s/ Karin Magnelli
      Karin Magnelli
      Deputy Attorney General